**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TASTEMAKER VENTURES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SEVEN S.p.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR A DECLARATORY JUDGMENT

Plaintiff Tastemaker Ventures LLC ("**Plaintiff**" or "**Tastemaker**"), a Delaware limited liability company, by and through its attorneys, Barack Ferrazzano Kirschbaum & Nagelberg LLP, asserts this complaint against Seven S.p.A. ("**Defendant**" or "**SSPA**"), and alleges as follows:

### NATURE OF THE DISPUTE

1.      This is a declaratory judgment action under 28 U.S.C. § 2201 arising out of SSPA's repeated demands that Tastemaker abandon its U.S. trademark application to register the trademark BEST OF SEVEN in International Class 18 and refrain from using that trademark in connection with Class 18 goods including bags and handbags.

2.      SSPA has asserted through, *inter alia,* cease and desist letters and an Opposition proceeding filed in the United States Patent and Trademark Office ("**USPTO**") that it has exclusive rights to use of the terms "Seven" and "7" in connection with Class 18 goods, specifically bags and handbags,

3.      Tastemaker seeks a declaration that its proposed use of the trademark BEST OF SEVEN in Class 18 in connection with, *inter alia*, handbags and bags marketed towards female

sports fans does not infringe SSPA's "Seven"/"7" formative trademarks, which it primarily uses in connection with backpacks and school bags for teens and young adults.

## THE PARTIES

4. Tastemaker is a Delaware limited liability company with a principal place of business at 123 E. Ogden Avenue, Suite 201, Hinsdale, IL 60521.

5. On information and belief, SSPA is an Italian Societa per Azioni with its principal place of business located at Via Fornacino 96, Leini TO 10040, Italy.

6. SSPA operates a publicly-accessible, interactive e-commerce website, www.seven.eu ("**Seven Website**"), that is accessible within the United States. The Seven Website includes the functionality to be viewed entirely in English. On information and belief, SSPA did not design the Seven Website so as to deny or limit access to U.S. consumers.

7. SSPA products are also available for sale to U.S. consumers on Amazon.com. *See* https://www.amazon.com/stores/node/20134726011?_encoding=UTF8&field-lbr_brands_browse-bin=Seven%20S.P.A.&ref_=bl_dp_s_web_20134726011&productGridPageIndex=2

8. On information and belief, SSPA sells products through the Seven Website to U.S. citizens and ships products to the United States.

9. On information and belief, SSPA sells products through Amazon.com to U.S. citizens and ships products to the United States.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (Trademark Act), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1338 (Congressional acts relating to trademarks) and 28 U.S.C. § § 2201 & 2202 (Declaratory Judgment).

11. This Court has personal jurisdiction over SSPA pursuant to Fed. R. Civ. P. 4(k)(2) because Defendant is not subject to the jurisdiction of any State's courts of general jurisdiction but has sufficient contacts with the United States that the exercise of jurisdiction by this Court is consistent with the United States Constitution and its laws.

12. SSPA has vigorously attempted to enforce its alleged rights in its registrations for its SEVEN trademarks throughout the United States through various enforcement actions including cease and desist letters and Opposition proceedings filed before the United States Patent and Trademark Office ("**USPTO**"), Trademark Trial and Appeal Board ("**TTAB**").

13. On information and belief, SSPA also directs its sales activities for the relevant products at consumers in the United States through the Seven Website and Amazon.com.

14. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the acts giving rise to the claims occurred in this judicial district.

**FACTUAL BACKGROUND**

**Tastemaker Develops its "Best Of Seven" Women's Sports-Themed Brand.**

15. "Best of Seven" is a brand of women's spirited, colorful handbags, apparel, and accessories that Tastemaker has been developing since 2018.

16. The Best of Seven brand is positioned as a premium, collegiate and professional sports-themed brand for sports-minded women.

17. The brand's founder, Julie Christopher, was inspired to develop the brand following her own struggle to find colorful, premium products for women that reflect their love for their favorite sport teams.

18. Best of Seven's target consumers are college-educated women aged 18 and over with an interest in sports.

1724295.v5

19.    The name "Best of Seven" is a playful take on the sports theme of the brand. In North America, where Best of Seven products will be marketed, "Best of Seven" is well-known as a sports playoff format whereby the team that wins the "best of seven games" (or four of seven) in a playoff series wins the championship. For example, the "best of seven" playoff format is used by Major League Baseball to determine the winner of the World Series, the National Basketball League to determine the NBA champion, and the National Hockey League to determine the winner of the Stanley Cup.

20.    Color is the focus of the Best of Seven brand. Keeping with the sports theme of the brand, Best of Seven products will be available in bold color combinations reminiscent of the colors used by college and professional sports teams.

21.    Best of Seven products are intended to be the perfect accessory to accompany women, college-aged and beyond, on game day and every day. The Best of Seven brand is intended to be a lifestyle brand.  In addition to bags, Tastemaker intends to offer a variety of other products under the BEST OF SEVEN trademark, including, for example, sunglasses, jewelry, apparel, belts, scarves, houseware items such as glasses and plates, and linens, such as pillows and blankets.

22.    Although the Best of Seven brand has not yet launched, the brand's message of spirited, colorful sports-themed products targeted towards adult women is apparent from its social media presence on Facebook. *See* https://www.facebook.com/bestofsevenshop/ and attached as **Exhibit A**.

23.    Best of Seven products are currently scheduled to launch during Spring 2020.  The original planned 2019 launch of the brand was delayed due to production issues.

24.    Tastemaker currently plans to sell its BEST OF SEVEN branded products through its website and, possibly, through brick and mortar retail establishments and/or popup kiosks.

1724295.v5

25.     Although the Best of Seven brand has not yet launched, Tastemaker has made meaningful preparations and tangible steps towards commercializing the BEST OF SEVEN product line and using the BEST OF SEVEN trademark in commerce.

26.     Tastemaker has expended $2.3 million developing the Best of Seven brand, including, amongst other things, brand development, product design and development, inventory, the creation of marketing and social media strategies, and the development of the e-commerce website, www.bestofseven.com ("**Best of Seven Website**").

27.     The Best of Seven Website is still being Beta tested and is not yet accessible to the public. A few pages from the Best of Seven Website are attached as **Exhibit B**.

28.     Due to the significant outlays of money spent on launching the brand name "Best of Seven," including product design and manufacturing that would have to be redone, Tastemaker cannot now change the name of its brand unless there is a legal imperative that it do so.

<u>**Tastemaker's Best of Seven Trademark Applications.**</u>

29.     In order to protect its developing brand, Tastemaker filed several intent-to-use trademark applications in the United States and certain international jurisdictions to register the BEST OF SEVEN trademark for the products and services that will be offered under that trademark, including an application in the USPTO for the trademark BEST OF SEVEN in International Class 18, Application Serial No. 88/143,068 (the **'068 Application**"), for use in connection with "handbags; bags, namely athletic bags, beach bags, carry-all bags, duffel bags, leather bags, sports bags, tote bags, travel bags; backpacks; shoulder belts made of leather; straps for handbags." Tastemaker's '068 Application to register the BEST OF SEVEN trademark is attached as **Exhibit C**.

5

30.     In addition to its '068 Application, Tastemaker has filed trademark applications to register the BEST OF SEVEN trademarks for goods in Classes 3 (cosmetics), 9 (sunglasses and related products), 14 (jewelry), 16 (temporary tattoos), 21 (a variety of houseware products), 24 (linens and related products), 25 (clothing), and 35 (retail services).   Other than the '068 Application, the USPTO has issued notices of allowance for all of the other applications to register the BEST OF SEVEN mark.

31.     Tastemaker also applied to register the phonetically-identical trademark BEST OF 7 for the same goods in the same International Classes, including in Class 18.  The USPTO has issued notices of allowance for all of the BEST OF 7 applications.

32.     In addition, Tastemaker applied to register two Best of Seven "pennant logo" design marks in Classes 14, 18 and 25, which highlight the sports-theme of the BEST OF SEVEN brand:



- (the "**7 Pennant Design**") and

- ("**Best of 7 Pennant Pattern**").

33.     Each of Tastemaker's U.S. trademark applications for the Best of Seven brand (collectively "**Best of Seven Marks**") is listed on the attached **Exhibit D**.

34.     Tastemaker does not use, and does not intend to use, the term "Seven" independent of the composite word mark BEST OF SEVEN.  Nor does it intend to use the component "Seven" in a way to make that the dominant component of the composite mark by, for example, having the component "seven" appear larger or be otherwise emphasized.  Rather, the component "Seven"

will be used to ensure that consumers understand the phrase BEST OF SEVEN in its entirety, as a unitary mark.

35.     Tastemaker does not use, and does not intend to use, the term "7" outside of the BEST OF 7 word mark, the 7 Pennant Design, and the Best of Seven Pennant Pattern.

36.     Tastemaker has expended significant funds on inventory that will bear the BEST OF SEVEN trademark, and rebranding would be not only expensive but would further delay the brand's launch.

### SSPA Sells Backpacks and School Bags Under its "Seven" Trademark.

37.     SSPA, based in Italy, sells bags and backpacks made for school-aged children under the brand name "Seven."

38.     According to the Seven Website, Seven backpacks are a "must-have" among young people due to their colors and patterns that are popular amongst children including hearts, flowers, and skulls in bright and neon colors. *See* **Exhibit E**.

39.     SSPA is also known for its backpacks with integrated speakers and its wheeled backpacks or trolleys.

40.     SSPA's "Seven" bags and backpacks are sold on Amazon.com.

41.     On information and belief, SSPA does not sell bags or backpacks, or other Class 18 goods, that are targeted to Tastemaker's target market.

42.     On information and belief, SSPA does not sell any bags or backpacks, or other Class 18 goods, that are sports themed.

### SSPA's Trademark Registrations.

7

43.     SSPA owns the following U.S. trademark registrations for a single word mark and four design marks in Class 18 ("**SSPA Seven Marks**"), as well in Class 16 for student-related items such as pen and pencil holders, notebooks, and the like:

| Mark | Reg. No. | Date of Registration | Goods/Services |
|---|---|---|---|
| 7 AND DESIGN | 3,873,060 <br><br> (Designation of International Registration No. 1027920) | November 9, 2010 | Class 16:  pen holders, pencil holders <br><br> Class 18:  rucksacks, small backpacks, school bags, travel bags, sports bags, wallets |
| 7SEVEN AND DESIGN | 1,708,062 | August 18, 1992 | Class 16:  school cases, pencil cases, pen cases, note-books, ball-point pens, exercise books <br><br> Class 18:  knapsacks, small knapsacks, suitcases, handbags, attach cases, travel bags, school satchels, key holders, wallets, purses, briefcase type document cases |
| 7SEVEN (STYLIZED) | 4,061,897 | November 29, 2011 | Class 16:  stationery, note-books, pen holders, pencil holders, pens, pencils, pouches for writing instruments, folders with elastic bands, book covers with rings <br><br> Class 18:  Attaché cases; rucksacks; small knapsacks, school satchels, all purpose carrying bags, traveling bags, all purpose sports bags and big sport bags; hand bags, beach bags, bags for climbers and school bags; wallets, and coin purses not made of precious metal; suitcases |
| SEVEN | 5,057,053 | October 11, 2016 | Class 16:  stationery articles, namely, printed gift vouchers, blank writing books, drawing books, diaries, blank note pads; writing papers, envelopes; sets of stationery material, namely, |

8

| Mark | Reg. No. | Date of Registration | Goods/Services |
|---|---|---|---|
| | | | writing instruments, writing paper and envelopes; pens, ball-point pens, fountain pens, felt-tip markers, permanent markers, highlighter pens, markers for underlining, rollerball pens, fine tip pens; pencils, chalk, crayons, cases for pens, daily and weekly planners, three-ring binders, folders for holding drawing paper and for supporting drawing activity, loose-leaf binders, gift wrapping paper; shopping bags of paper; plastic materials for packaging<br><br>Class 18: rucksacks; backpacks; school bags, infant carriers worn on the body, shopping bags not of paper or plastic, namely, textile shopping bags; travelling bags and duffel bags for travel; bags and holdalls for sports equipment; handbags; bags for carrying camping supplies and equipment; beach bags; backpacks for hiking and climbing, satchels, briefcases, pocket wallets; purses; key cases; hip bags; suitcases; umbrellas, trunks; walking sticks; overnight suitcases; vanity cases sold empty, unfitted salesperson sample bags sold empty, garment bags for clothing for travel, wheeled bags, wheeled backpacks and wheeled suitcases |
| 7SEVEN AND DESIGN<br><br>7SEVEN | 5,057,050 | October 11, 2016 | Class 16: stationery articles, namely, printed gift vouchers, blank writing books, drawing books, diaries, blank note pads; writing papers, envelopes; sets of stationery material, namely, writing instruments, writing paper and envelopes; pens, ball-point pens, fountain pens, felt-tip markers, permanent markers, highlighter pens, markers for underlining, rollerball pens, fine tip pens; pencils, chalk, crayons, cases for pens, daily and weekly planners, three-ring binders, folders for holding drawing paper and for supporting drawing activity, loose-leaf binders, gift wrapping paper; shopping bags of paper; plastic materials for packaging<br><br>Class 18: rucksacks; backpacks; school bags, infant carriers worn on the body, shopping |

1724295.v5

| Mark | Reg. No. | Date of Registration | Goods/Services |
|---|---|---|---|
|  |  |  | bags not of paper or plastic, namely, textile shopping bags; travelling bags and duffel bags for travel; bags and holdalls for sports equipment; handbags; bags for carrying camping supplies and equipment; beach bags; backpacks for hiking and climbing, satchels, briefcases, pocket wallets; purses; key cases; hip bags; suitcases; umbrellas, trunks; walking sticks; overnight suitcases; vanity cases sold empty, unfitted salesperson sample bags sold empty, garment bags for clothing for travel, wheeled bags, wheeled backpacks and wheeled suitcases |

44.     None of the SSPA Seven Marks were cited by the USPTO against Tastemaker's trademark applications to register the Best of Seven Marks on likelihood of confusion grounds during the prosecution of the Best of Seven Marks applications.  Rather, the applications were passed to publication with no likelihood of confusion refusals.

**Tastemaker's BEST OF SEVEN Trademark
Will Not Infringe The SSPA SEVEN Marks.**

**The Marks are not Similar.**

45.     When properly viewed in their entireties, the BEST OF SEVEN and SEVEN trademarks are not similar in appearance or suggestion.  SSPA's mark is the word SEVEN standing alone.  Tastemaker's BEST OF SEVEN mark is a three-word composite mark connoting the "best of seven" sports playoff format, which Tastemaker intentionally selected for its sports-themed product lines.

**SSPA's SEVEN Trademark is Weak**.

46. SSPA's trademark is extremely weak with only a narrow zone of protection, given the crowded field in which it exists.

47. In addition to SSPA's "Seven" bags and backpacks, there are a number of U.S. trademark registrations for composite marks in Class 18 that contain the component "SEVEN" or "7," including but not limited to: SEVEN POINT FARMS (Reg. No. 5,358,501), SEVEN FEET APART (Reg. No. 5,499,847), 7 DIAMONDS (Reg. No. 3,905,794), SURF 7 (Reg. No. 4,990,255), and LINE 7 (Reg. No. 2,516,779).

48. There are also co-existing common law uses "Seven" and "7" for Class 18 products such as handbags, bags, and backpacks available for purchase by U.S. consumers, including, for example, the following: www.v7world.com (for the brand SEVEN for laptop bags); www.seven.supply; www.7.life (for the brand SEVEN by the soccer player MS Dhoni); www.7bags.co.uk; www.runwayseven.com (handbags), www.sevenKC.com (backpacks and other bags); www.sevendayslifeanddreams.com (for the brand Seven Days). Although the brand 7 For All Mankind abandoned its application to register the mark SEVEN FOR ALL MANKIND in Class 18, there remains use of the mark, even apart from the fact that it hyperlinks to 7 FOR ALL MANKIND.

49. Attached as **Exhibit F** is a non-exhaustive list of "Seven" and "7" formative trademarks that, on information and belief, coexist in Class 18 with the SSPA Seven Marks without actual confusion.

50. In addition, SSPA has admitted to the USPTO that the SEVEN trademark is weak in attempting to overcome the USPTO's refusal of SSPA's own application to register its SEVEN word and design marks (Appln. Ser. Nos. 86/341,380 and 86/326,788) on likelihood of confusion

11

grounds, citing existing registrations. The USPTO Office Actions are attached as **Group Exhibit G**.

51.     In its responses to these Office Actions, SSPA argued that "the very presence of several different versions of the mark 7 in the name of different producers (three cited producers, plus applicant itself), for similar goods, means that consumers are already able to distinguish among these various brands and would not be confused. This is underscored by the distinctions among the various marks. Applicant's mark is SEVEN, while the other cited marks are written as "No. 7", 7 surrounded by stars, and 7 composed of horizontal bars, respectively. Clearly the marketplace has allowed these competing marks to co-exist for similar goods, based on the differing visual impressions of each mark." SSPA's March 2, 2015 Office Actions Responses are attached as **Group Exhibit H**.

52.     SSPA's admissions in its March 2, 2015 Office Action Responses should be accorded weight in any likelihood of confusion inquiry between the Best of Seven Marks and the SSPA Seven Marks as they can be viewed as judicial estoppel, an admission, or waiver.

**The Products Are Geared to Separate Consumer Groups**.

53.     Although both SSPA and Tastemaker will be selling some overlapping goods, the target markets for these goods are not the same. SSPA's products are directed to students for school backpacks, whereas Tastemaker's products are directed to college-educated female sports fans who want stylish accessories.

**The Products Have Distinct Areas and Manner of Use**.

54.     SSPA sells its products through the Seven Website and on Amazon. In contrast, Tastemaker will be selling its products through its own www.bestofseven.com  website once it launches. Tastemaker may also sell at its own branded retail locations and/or through popup

12

kiosks. These two websites will co-exist with the other websites that sell handbags and/or backpacks and that include the word "seven" as part of its domain, including those identified in Paragraphs 47-49, above.

55. The websites of Tastemaker and SSPA are entirely different and are each directed to their respective consumer groups. The consumer experience on each website will be distinct from the other.

**Consumers are Likely to Exercise a High Degree of Care.**

56. SSPA's bags and backpacks have a relatively high price point. On information and belief, these products sell between $49 and $120. Tastemaker's products offer luxury details at an accessible price point and the average Best of Seven bag or handbag will be significantly more expensive than the bags and backpacks sold by SSPA. As result, on information and belief, consumers in these demographics are brand conscious and exercise a high degree of care in making purchases of these products, particularly at this price point.

**Tastemaker Did Not Select Its BEST OF SEVEN Mark with an intent to Palm Off**.

57. Tastemaker was not aware of the Seven brand when it selected its BEST OF SEVEN Marks. It therefore did not adopt the BEST OF SEVEN mark with an intent to palm off its goods as those of SSPA. Now that Tastemaker has become aware of the SEVEN brand, it has no intent to palm off its products as those of SSPA.


**SSPA Nevertheless Objects to Tastemaker's Use of the BEST OF SEVEN Trademark**.

58. On July 12, 2019, Counsel for SSPA emailed a cease and desist letter to Tastemaker's counsel asserting that Tastemaker's "uses and/or registration of BEST OF SEVEN, BEST of 7, BEST OF 7 BEST OF 7, and 7 trademarks for goods in Class 18 and related services

13

in Class 35 constitute infringement of our client's SEVEN trademark rights in Class 18 and unfair competition under both federal and state laws." SSPA's July 12, 2019 cease and desist letter ("**July C&D Letter**") is attached as **Exhibit I.**

59. SSPA's July C&D Letter alleged that the Best of Seven Marks in Classes 18 and 35 create a likelihood of consumer confusion between the SSPA Marks and the Best of Seven Marks.

60. In that letter, SSPA demanded, *inter alia*, that Tastemaker 1) abandon the BEST OF SEVEN trademark application in Class 18; 2) amend the BEST OF SEVEN trademark application in Class 35 to delete "handbags, bags, backpacks, belts made of leather straps for handbags"; 3) confirm that it will not use or attempt to register any trademark that contains the term "Seven" or any stylized "7" similar to SSPA's registered 7 Design Mark in Class 18 or in Class 35 for services for selling Class 18 goods; and 4) confirm that it will phase out all usage of BEST of SEVEN and any other "Seven" trademarks with Class 18 goods or Class 35 services for selling Class 18 goods.

61. The next day, on June 13, 2019, SSPA filed in the USPTO Extensions of Time to Oppose Tastemaker's applications to register BEST OF SEVEN in Class 18 (Appln. Serial No. 88/143,068) and in Class 35 for retail services (Appln. Serial No. 88/143,160), and its applications to register BEST OF 7 in Class 18 (Appln. Serial No. 88/143,278) and in Class 35 for retail services (Appln. Serial No. 88/143,414).

62. Tastemaker's counsel responded to the July C&D Letter on August 9, 2019 ("**August Response Letter**"). In that letter, Tastemaker explained why no confusion was likely. The August Response Letter is attached as **Exhibit J**.

14

63. Tastemaker's counsel also pointed out that, not only were SSPA's prior purported enforcement activities irrelevant since they addressed different trademarks, but that in approximately half of the oppositions, the applicant simply defaulted and that the remainder were settled. In no case did SSPA obtain a favorable ruling by the TTAB or a court.

64. Despite the strong legal and factual arguments presented in Tastemaker's August Response Letter, SSPA sent Tastemaker a second cease and desist letter on September 7, 2019 ("**September C&D Letter**"). The September C&D Letter did not respond to the substance of the August Response Letter, but nonetheless narrowed SSPA's objections to only the BEST OF SEVEN applications in Classes 18 and 35. Despite narrowing SSPA's objections, the September C&D Letter largely continued to object to Tastemaker's use and registration of the BEST OF SEVEN mark for Class 18 goods. The September C&D Letter is attached as **Exhibit K**.

65. Tastemaker formally responded to the September C&D Letter on September 27, 2019 ("**September Response Letter**"). In its letter, Tastemaker continued to stress the narrow scope of protection afforded uses of "Seven" and "7" in Class 18, among other legal and factual reasons why confusion would not be likely between the brands. The September Response Letter is attached as **Exhibit L**.

66. SSPA did not relent in its demands that Tastemaker abandon its Class 18 BEST OF SEVEN application and not commence use of the mark in commerce.

67. Tastemaker and SSPA continued negotiations following the September Response Letter; however, on November 1, 2019, SSPA filed a Notice of Opposition, Opp. No. 91252009, in the USPTO against the '068 Application. A copy of the Notice of Opposition is attached as **Exhibit M**.

68. Even after SSPA filed the Notice of Opposition, Tastemaker was confident that SSPA would recognize that there could not be a likelihood of confusion between the two brands if SSPA better understood the commercial reality that SSPA sells heavily patterned children's backpacks and Tastemaker's products will be high end bags sold to sports-minded, college educated women, primarily through the Best of Seven Website.

69. To that end, on December 4, 2019, at Tastemaker's request, the parties held an online conference call during which Tastemaker shared the vision behind the Best of Seven brand with SSPA and allowed SSPA access to the Beta version of the Best of Seven Website.

70. During the December 4th conference call Tastemaker demonstrated that Best of Seven products are sports-themed, that SSPA and Tastemaker market their products to different consumers at different price points, and that Best of Seven products will primarily be sold through the Best of Seven Website.

71. Despite this information showing that there is no likelihood of confusion, SSPA continued to make the same demands not only that Tastemaker abandon the Class 18 BEST OF SEVEN trademark application but also that it not commence use of the mark. At that juncture, it became apparent that the parties had reached an impasse and that SSPA would continue to endeavor to prevent Tastemaker from not only registering but also using the BEST OF SEVEN trademark for its Class 18 products.

72. Failure to launch under the Best of Seven trademark would cause Tastemaker to suffer substantial financial losses.

## CLAIM FOR RELIEF

## DECLARATORY JUDGMENT (Non-Infringement)

16

73.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 72 as if fully set forth herein.

74.     SSPA has created an actual, substantial, and immediate controversy between the parties by, among other things, 1) claiming that Tastemaker's attempted registration of the Best of Seven Marks and use of such marks constitutes trademark infringement and unfair competition in violation of the Lanham Act and state laws; 2) repeatedly demanding that Tastemaker not commence use of the Best of Seven Marks in commerce; and 3) opposing Tastemaker's BEST OF SEVEN Class 18 trademark application.

75.     SSPA and Tastemaker have adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory relief.

76.     The balance of the hardships is in Tastemaker's favor and it has no adequate remedy at law.

77.     Tastemaker is entitled to a judgment declaring that its use and registration of BEST OF SEVEN, as well as the other Best of Seven Marks, in connection with Class 18 goods does not constitute trademark infringement or unfair competition under the Lanham Act or any state laws.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendant as follows:

A.     Declaring, pursuant to 28 U.S.C. § 2201, that Plaintiff's trademark applications for BEST OF SEVEN in Class 18, and the other Best of Seven Marks, do not create a likelihood of confusion with any of the SSPA Seven Marks.

B.     Declaring, pursuant to 28 U.S.C. § 2201, that Plaintiff's use of BEST OF SEVEN in Class 18, and the other Best of Seven Marks, does not constitute trademark infringement or unfair competition under the Lanham Act or state law.

17

C.    Awarding such other and further relief as this Court deems just and proper.

Dated: January 10, 2020            Respectfully submitted,

By: */s/ Wendi E. Sloane*

Wendi E. Sloane
Sharon E. Calhoun
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG, LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
Tel.: (312)984-3100
wendi.sloane@bfkn.com
sharon.calhoun@bfkn.com

1724295.v5